NO. 07-03-0039-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 17, 2003

______________________________

DAVID SOLOMON MAZE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 81899; HONORABLE LARRY GIST, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

ABATEMENT AND REMAND

Pending in this court is an appeal by David Maze, appellant, in which appointed counsel for appellant has filed a brief in accordance with the principles set out in 
Anders v. California
, 386 U.S. 738 (1967).  Appellant has advised this court, both by 
pro se
 motions and correspondence, that he desires to file a 
pro se
 response to his counsel’s 
Anders
 brief, but that he has been unable to access a copy of the clerk’s records for his conviction despite repeated attempts and requests.  The appeal has been abated pending appellant’s having been afforded access to the clerk’s record for his conviction.

This court’s previous order abating the appeal is continued pending further order of this court.  Additionally, this cause is remanded to the Criminal District Court of Jefferson County (the trial court).  
Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant has or has had sufficient access to the clerk’s record on appeal or a copy of the clerk’s record on appeal in this matter to afford appellant a reasonable time to prepare a 
pro se
 response to his appellate counsel’s 
Anders
 brief; and (2) if appellant does not have or has not had reasonable access to the clerk’s record on appeal or a copy thereof, then what orders, if any, should be entered to assure such access by appellant to the record.  Additionally, the trial court is directed to enter orders, if any, which it determines should be entered to assure appellant such access to a copy of the clerk’s record on appeal as is reasonable for appellant to prepare a response to appellant’s counsel’s 
Anders
 brief. 

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a clerk’s record on remand; (3) enter any orders appropriate to the circumstances; (4) cause the hearing proceedings to be transcribed and included in a reporter’s record; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk’s record or the reporter’s record.  In the absence of a request for extension of time from the trial court, the clerk’s record on remand, reporter’s record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than May 16, 2003. 
 

Per Curiam

Do not publish.

ÄäåÉRejino.  He testified that around midnight  he observed the tractor trailer that appellant drove pass him in the opposite direction.  Peering through his rearview mirror, he noticed that the vehicle’s tail lights were not illuminated.  This caused the officer to turn his car around and  follow the tractor trailer.  While doing so, he realized that the tail lights actually were illuminated but would flicker on and off. 

Appellant was eventually stopped and asked for his driver’s license and paperwork.  So too did the trooper request appellant to accompany him to the patrol car.  Both entered the vehicle.  Rejino sat in the driver’s seat while appellant sat in the passenger seat.  There, the trooper examined the registration and insurance documents of the tractor trailer and decided to give appellant a warning ticket.  After issuing the written warning, Rejino received a criminal history report from dispatch showing that appellant had no outstanding warrants but was the subject of a prior drug conviction.
(footnote: 2)  Within 10 to 30 seconds of issuing the citation and receiving the report, the trooper requested of appellant permission to search both his person and the tractor trailer.  Appellant consented to both.  It was during the search of the vehicle that the controlled substance was discovered.   

Authority holds that 
as part of a traffic stop, an officer may 1) require the detainee to identify himself and produce a valid driver’s license and proof of insurance and 2) detain the individual for a period of time reasonably sufficient to check for outstanding warrants.  
Kothe v. State, 
152 S.W.3d 54, 63-64 (Tex. Crim. App. 2004); 
Strauss v. State, 
121 S.W.3d 486, 491 (Tex. App.–Amarillo 2003, pet. ref’d).  So too may he also ask the driver if he possesses illegal contraband and solicit voluntary consent to search the vehicle once the purpose of a traffic stop has been effectuated.  
Strauss v. State, 
121 S.W.3d at 491; 
James v. State
, 102 S.W.3d 162, 172-73 (Tex. App.–Fort Worth 2003, pet. ref’d).
  Requesting such consent is not an unlawful seizure, and neither probable cause nor reasonable suspicion is required for the officer to ask.  
James v. State, 
102 S.W.3d at 173.
  Nor must the officer tell the individual that he is free to leave after the purpose of the stop is completed.  
Vargas v. State, 
18 S.W.3d 247, 252 n.1 (Tex. App.–Waco 2000, pet. ref’d).
  

As previously mentioned, once Trooper Rejino issued the warning and received the report from the dispatcher, he solicited the consent to search.  By then the purpose of the stop had been effectuated; yet, only seconds had passed between the time consent was requested and the purpose effectuated.  This is not a situation wherein appellant was detained for minutes or hours prior to broaching the matter of consent.  In other words, the effectuation of the stop and the request for consent were rather contemporaneous here.  Thus, we view the situation as falling within the scope of 
James
 and 
Strauss
 and, consequently, lawful.  

 As to the contention that his 
consent was involuntary, we note that to be of such ilk, it must be the product of duress or coercion, express or implied. 
 Reasor v. State, 
12 S.W.3d 813, 817 (Tex. Crim. App. 2000).  Moreover, the evidence of record here does not lend itself to such a claim.  First, the initial detention was quite lawful; so, it cannot be said that appellant’s acquiescence was part and parcel of illegal conduct on the part of the trooper.  Second, no evidence was presented at the suppression hearing that illustrated the officer told appellant he had to consent or that if he did not consent he would be arrested or otherwise detained.  Nor is there evidence that the trooper implicitly or explicitly threatened appellant verbally or through gesture.  Indeed, but for conduct on the part of appellant indicative of nervousness, the interaction between the two appeared routine for a traffic stop.  Finally, that the officer failed to inform appellant that he could exit the patrol car and leave is alone insufficient criteria to illustrate coercion; again, an officer does not have to tell the individual he may leave once the purpose of the stop is completed.  
Vargas v. State, 
18 S.W.3d at 252 n.1.

In sum, the trial court did not abuse its discretion in overruling the motion to suppress.  Accordingly, we overrule each of appellant’s issues and affirm the judgment of the trial court.

Brian Quinn 

           Chief Justice  

Publish.

FOOTNOTES
2: